**AIMAN-SMITH & MARCY**
PROFESSIONAL CORPORATION

Randall B. Aiman-Smith #124599
Reed W.L. Marcy #191531
Hallie Von Rock #233152
Carey A. James #269270
Brent A. Robinson #289373
7677 Oakport St. Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
caj@asmlawyers.com
bar@asmlawyers.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN AGUILAR, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>CSK AUTO, INC., O'REILLY AUTOMOTIVE STORES, INC., and DOES 1-10, inclusive,<br><br>      Defendants. | Case No.:<br><br>**CLASS ATION COMPLAINT FOR:**<br><br>1. **FAILURE TO PROVIDE REST PERIODS**<br><br>2. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**<br><br>3. **WAITING TIME PENALTIES**<br><br>4. **UNFAIR BUSINESS PRACTICES**<br><br>5. **INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

**Class Action Complaint**
*Aguilar, et al. v. CSK Auto, Inc., et al.*                                                          Case No.

Adrian Aguilar ("Named Plaintiff") is informed and believes and thereupon alleges the following:

## I. INTRODUCTION

1. Named Plaintiff brings these claims, individually and as a class action pursuant to Federal Rule of Civil Procedure 23, against defendants CSK Auto, Inc. and O'Reilly Automotive Stores, Inc. (collectively, "CSK" or "Defendants"). These claims are asserted by Named Plaintiff in his capacity as class action representative on behalf of all similarly situated persons (the "Class").

2. The Class consists of all non-exempt employees working at any CSK store in California at any time during the Class Period, excluding persons holding the job position of Store Manager or an equivalent position.

3. The Class Period is designated as the period from 4 years prior to the filing of this action through the trial date.

4. As used herein, "Plaintiffs" means Named Plaintiff and all members of the Class.

5. Plaintiffs have been injured by CSK's failure to provide proper rest breaks as required by California law, failure to furnish accurate wage statements, and failure to timely pay all wages due upon termination of employment.

6. For these injuries, Plaintiffs seek damages and penalties, as well as interest, attorney's fees, costs, and injunctive relief, all under California law, including: California Labor Code §§ 201, 202, 203, 226, and 226.7; IWC Wage Order No. 7, § 12; California Code of Civil Procedure § 1021.5; and California Business & Professions Code § 17200, *et seq*.

7. All violations of California law described herein have been ongoing for at least four years, are continuing at present, and will continue unless and until enjoined by this Court.

8. Defendants knowingly and intentionally engaged in the conduct complained of herein, and Defendants acted as alleged herein in willful and knowing violation of the law.

## II. PARTIES

9. Defendant CSK Auto, Inc. is an Arizona Corporation, registered to and conducting business in California, with its principal place of business located in Springfield,

Missouri. CSK owns defendant O'Reilly Automotive Stores, Inc.

10. Defendant O'Reilly Automotive Stores, Inc. is a Missouri Corporation, registered to and conducting business in California, with its principal place of business located in Springfield, Missouri.

11. Defendants own and operate retail automotive part stores under the name "O'Reilly Auto Parts." There are approximately 497 O'Reilly Auto Parts stores in the State of California.

12. Named Plaintiff Adrian Aguilar is a resident of Alameda, California. Plaintiff was employed by Defendants in Oakland, California, as a non-exempt, hourly employee from approximately August 2010 until approximately April 2017.

13. Plaintiffs are ignorant of the true names or capacities of defendants named herein as Does 1 through 10, inclusive, and therefore sue these defendants by these fictitious names. When the names and capacities of these defendants are ascertained, Named Plaintiff will amend this complaint accordingly. Each of the defendants named herein or designated as a Doe is liable or in some manner legally responsible for the events alleged herein.

### III.    JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction of this action under the Class Action Fairness Act, 28 U.S.C. § 1332, in that the estimated damages involved in the claims asserted herein will exceed $5,000,000, and the parties to this action are citizens of different states.

15. This Court has personal jurisdiction over CSK because CSK has significant contacts with California by virtue of its extensive business operations in California, and has purposefully availed itself of the privileges and immunities of conducting business in California.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because CSK is subject to this Court's personal jurisdiction with respect to this civil action and therefore resides in this District pursuant to 28 U.S.C. § 1391(c)(2). Venue is also proper in

this Court pursuant to 28 U.S.C. § 1391(d) because CSK has sufficient contacts in this District to establish personal jurisdiction in this District.

## IV.   GENERAL ALLEGATIONS

17. During the Class Period, CSK has operated approximately 497 O'Reilly Auto Parts stores in California.

18. Plaintiffs are non-exempt employees working in CSK's California O'Reilly Auto Parts stores.

19. Throughout the Class Period, CSK has failed to provide Plaintiffs with rest periods based on total hours worked at the rate of 10 minutes per 4 hours or major fraction thereof worked.

20. CSK maintains a common, facially-unlawful rest break policy which purports to offer rest breaks only for every four hours worked. Accordingly, employees working 6 to 7.99 hours are denied a second rest break, and employees working 10 to 11.99 hours are denied a third rest break. CSK does not pay these employees an hour of pay for these missed rest breaks.

21. Additionally, CSK requires, also by common policy, that employees remain on company premises during all periods purported to be rest breaks. Accordingly, CSK fails to relieve employees of all duties and/or relinquish all control of employees during these periods, and thereby fails to authorize and permit legally-adequate rest breaks even at those times its policy claims to provide for rest breaks. CSK does not pay employees one hour of pay for these missed rest breaks.

22. CSK also fails to provide Plaintiffs with accurate, itemized wage statements. The wage statements provided by CSK fail to conform to California law because, *inter alia*, those wage statements do not display all wages earned by Plaintiffs because Plaintiffs are not provided with an hour of pay for missed rest breaks. As a direct and proximate result of CSK's failure to provide Plaintiffs with accurate, itemized wage statements, Plaintiffs have suffered injury and damage to their statutorily-protected rights, and have been injured because they were denied both their legal right to receive, and their protected interest in receiving, accurate,

itemized wage statements. CSK's failure to provide Plaintiffs with accurate, itemized wage statements is and was knowing an intentional.

23. CSK has also failed to pay all wages due to those Plaintiffs whose employment with CSK has terminated during the Class Period. During the Class Period, many Plaintiffs resigned from or were terminated by CKS. CSK willfully failed to pay said Plaintiffs all wages due upon termination or within 72 hours of said Plaintiffs' resignation. CSK failed to pay said Plaintiffs all wages due because, *inter alia*, Plaintiffs are not provided with an hour of pay for missed rest breaks. CSK's failure to pay all wages due Plaintiffs at the termination of their employment is and was knowing an intentional.

24. CSK's failure to authorize and permit lawful rest breaks, failure to provide accurate wage statements, and failure to pay all wages due upon termination constitute unlawful, unfair, and fraudulent business practices under Business and Professions Code § 17200, *et seq*., and Plaintiffs have been injured in fact, and have lost money or property as a result of CSK's unfair competition and unlawful practices.

## V.  CLASS ACTION ALLEGATIONS

25. Named Plaintiff brings this action on behalf of himself and as a class action pursuant to Federal Rule of Civil Procedure 23.

26. The class that Named Plaintiff seeks to represent is defined as follows:

> **All non-exempt employees working at any CSK store in California at any time during the Class Period, excluding persons holding the job position of Store Manager or an equivalent position.**

27. The claims alleged by Named Plaintiff may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23, subsections (b)(2) and (b)(3). As described herein, Plaintiffs' claims satisfy the requirements of those subsections, as well as the requirements of Rule 23(a).

### A.  Numerosity

28. The total number of members of the Class is believed to be in excess of 5,000

persons. Accordingly, joinder of all class members would be impractical.

### B. Commonality

29. There are numerous questions of law and fact common to the Class. Such questions include, but are not limited to, the following:

    (1) Whether CSK, as a matter of common policy, fails to authorize and permit Plaintiffs to take legally-sufficient rest breaks;

    (2) Whether the hour of pay owed to Plaintiffs for each missed rest break constitutes a "wage" for purposes of Labor Code § 226;

    (3) Whether CSK's actions as described herein constitute violations of California Business and Professions Code § 17200, *et seq.*;

    (4) The proper formula for calculating damages and restitution owed to Plaintiffs; and

    (5) The terms and conditions of the injunction to be issued against CSK.

### C. Typicality

30. Named Plaintiff's claims are typical of the claims of the Class. Named Plaintiff and all members of the proposed Class are or were subjected to the same policies and procedures, and their claims arise out of CSK's common course of conduct and are based on the same legal and remedial theories.

### D. Adequacy of Representation

31. Named Plaintiff will fairly and adequately protect the interests of the Class. Named Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including employment litigation. Named Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Named Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the Class.

### E. Propriety of Certification under FRCP 23(b)(3)

32. Questions of law and fact common to the Class, including the common question

described above, predominate over any questions affecting only individual members. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action. The identity of each member of the proposed Class can be established by uniform records maintained by CSK.

33. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims. Prosecution of this case as a class action will permit a large number of injured parties to pursue their common claims in a single forum, at the same time, which will promote efficiency, prevent duplication of evidence and efforts, and preserve judicial resources and the resources of the parties. A class action will avoid potentially inconsistent results in numerous individual trials or other judicial actions. Further, class treatment is the only realistic means by which Plaintiffs can effectively litigate against a large, well-represented corporate defendant like CSK. In the absence of a class action, CSK will be unjustly enriched by the retention of the fruits and benefits of its unlawful conduct. A multiplicity of repetitive individual actions would also place an enormous burden on the courts.

### F. Propriety of Certification under FRCP 23(b)(2)

34. Class certification is appropriate under FRCP 23(b)(2) because CSK has acted and/or refused to act, as alleged herein, on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to the Class as a whole. The Class members are entitled to injunctive relief to end CSK's common, uniform, and unfair policies and practices as described herein.

## VI. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Failure to Provide Rest Periods**
**(California Labor Code § 226.7; California IWC Wage Order No. 7, § 12)**

35. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

36. California law, including but not limited to California Labor Code § 226.7 and IWC Wage Order No. 7, § 12, requires employers, including Defendants, to provide rest

periods to employees, based on the total hours worked daily, at the rate of 10 minutes net rest time per 4 hours or major fraction thereof worked.

37. As alleged herein, Defendants failed to provide rest periods to Plaintiffs or to pay compensation in lieu thereof, in violation of California law.

38. As a direct and proximate result of Defendants' failure to provide Plaintiffs with rest periods or to pay compensation in lieu thereof, Plaintiffs have been injured and have sustained damages, including lost compensation for missed rest breaks.

39. Plaintiffs are, therefore, entitled to recover lost compensation for missed rest breaks in an amount according to proof and in excess of the jurisdictional minimum of this Court, and also to recover interest, costs, and attorney's fees as provided by California law.

## SECOND CAUSE OF ACTION
### Failure to Furnish Accurate Wage Statements
### (California Labor Code §§ 226)

40. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

41. California Law, including but not limited to California Labor Code § 226(a), requires employers, including Defendants, to furnish employees, at the time of payment of wages, accurate, itemized wage statements displaying, among other things, the total hours worked by the employee, gross and net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

42. As alleged herein, the wage statements provided to Plaintiffs by Defendants do not include the information required by California law, including but not limited to California Labor Code § 226(a).

43. Plaintiffs' ability to calculate unpaid and miscalculated overtime has been complicated by the absence of information required by Labor Code 226(a) but missing from the wage statements provided by Defendants.

44. As a direct and proximate result of Defendants' failure to provide Plaintiffs with accurate, itemized wage statements, Plaintiffs have encountered substantial difficulty and

expense in attempting to reconstruct time and pay records.

45. As a direct and proximate result of Defendants' failure to provide Plaintiffs with accurate, itemized wage statements, Plaintiffs have suffered injury and damage to their statutorily protected rights, and have been injured because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements.

46. Defendants' failure to provide accurate, itemized wage statements to Plaintiffs and was knowing and willful.

47. Accordingly, Plaintiffs are entitled to recover penalties and damages pursuant to California Labor Code § 226(e), in addition to costs and attorney's fees as provided by California law.

### THIRD CAUSE OF ACTION
### Waiting Time Penalties
### (California Labor Code §§ 201, 202, and 203)

48. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

49. California Labor Code §§ 201 and 202 require employers, including Defendants, to pay employees, upon the termination of employees' employment, all wages due within the time specified by those statutes.

50. California Labor Code § 203 provides that where an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employee's wages until back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

51. As alleged herein, Plaintiff Class who have terminated or who will terminate their employment with Defendants at any time prior to entry of judgment in this case were not paid all wages owed to them at the time of termination of employment.

52. As a direct and proximate result of Defendants' failure to pay said Plaintiffs all wages when due upon termination of employment, said Plaintiffs have been injured in an amount to be proved at trial.

53. Accordingly, Plaintiffs who have terminated or who will terminate their

employment with Defendants at any time prior to entry of judgment in this case are entitled to payment of thirty days' wages under California Labor Code § 203, and additionally to interest, costs, and attorney's fees.

## FOURTH CAUSE OF ACTION
### Restitution - Unfair Business Practices
**(California Business & Professions Code § 17200, *et seq*.)**

54. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

55. Each violation of California law by CSK as alleged herein constitutes a separate and distinct unfair and unlawful practice in violation of California Business & Professions Code § 17200, *et seq*.

56. As a direct and proximate result of CSK's conduct as alleged herein, Plaintiffs have been injured in fact and have lost money and property, and CSK has been enriched by the retention of funds for reimbursement that are the property of Plaintiffs.

57. Plaintiffs are entitled to restitution of all amounts which CSK was obligated to provide to Plaintiffs and which, through the unfair and unlawful practices alleged herein, CSK did not pay to Plaintiffs. The total of these amounts can be proved with common evidence.

58. Plaintiffs are additionally entitled to recovery of interest, costs, and attorney's fees as provided by California law.

## FIFTH CAUSE OF ACTION
### Injunction
**(California Business & Professions Code § 17200, *et seq*.)**

59. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

60. Each violation of California law by CSK as alleged herein constitutes a separate and distinct unlawful and unfair practice in violation of California Business & Professions Code § 17200, *et seq*.

61. Plaintiffs have been harmed by CSK's unlawful and unfair practices as alleged herein.

62. CSK continues to engage in the unlawful and unfair practices alleged herein

through the present day.

63. Unless enjoined by this Court, CSK will continue to engage in the unlawful and unfair practices alleged herein.

64. Plaintiffs are entitled to, and therefore request, an injunction of this Court requiring that CSK permanently cease and desist from engaging in the unlawful and unfair practices alleged herein, and, further, that this Court make such orders as are necessary to monitor CSK' compliance with said injunction.

65. Plaintiffs are further entitled to costs and attorney's fees for pursuing the injunction requested herein.

## VII.   PRAYER FOR RELIEF

Wherefore, Named Plaintiff, on behalf of himself and all Plaintiffs, pray for relief as follows:

1. That the Court certify this action as a class action on behalf of the Class pursuant to Federal Rule of Civil Procedure 23;

2. That the Court designate Named Plaintiff as the representative of the Class;

3. That the Court appoint the law firm Aiman-Smith & Marcy as Class counsel;

4. That CSK be ordered to pay all amounts owed to the Class arising out of the actions complained of herein, including wages, penalties, interest, and costs;

5. That CSK, at its own expense, be ordered to provide full and adequate notice as required in class actions to all members of the Class;

6. That this action and the Class be further designated, respectively, as a representative action and representative class under California Business & Professions Code § 17200, *et seq.*;

7. That CSK be ordered to make full restitution of all amounts received and/or retained and/or not paid to Plaintiffs by CSK pursuant to the California Labor Code and California Business and Professions Code § 17200, *et seq.*;

8. That in addition to any constitutionally sufficient notice that is or might otherwise be required in a class action under California law, that CSK be ordered to pay for all

necessary efforts to actually locate members of the representative class under Business and Professions Code § 17200, *et seq.*;

9. That this Court determine, and provide its declaratory judgment, that the practices complained of herein were done willfully, knowingly, and intentionally;

10. That this Court issue a temporary injunction, on terms the Court may deem appropriate and necessary, prohibiting CSK from engaging in the practices complained of herein pending trial of this action, and requiring CSK to make appropriate reports to the Court or its appointed agent or expert regarding its compliance with said injunction, and requiring CSK to pay all costs associated with said monitoring said injunction;

11. That this Court issue a permanent injunction, on terms the Court may deem appropriate and necessary, prohibiting CSK from engaging in the practices complained of herein, requiring CSK to make appropriate reports to the Court or its appointed agent or expert regarding its compliance with said injunction, and requiring CSK to pay all costs associated with monitoring said injunction;

12. For attorney's fees as provided by statutory and common law;

13. For costs of suit incurred; and

14. For such other legal and equitable relief as the Court may deem just and proper.

Dated: July 27, 2017

AIMAN-SMITH & MARCY
A PROFESSIONAL CORPORATION

*Carey A. James*

_____

Carey A. James
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Named Plaintiff, on behalf of himself and the Plaintiff Class, hereby demands a jury on all causes of action and claims with respect to which Plaintiffs have a right to jury trial.



Dated: July 27, 2017

*Carey A. James*
_____
Carey A. James
Attorneys for Plaintiff