| | |
|---|---|
| 1 | JAMES M. PETERSON, Bar No. 137837 |
| | peterson@higgslaw.com |
| 2 | JASON C ROSS, Bar No. 252635 |
| | rossj@higgslaw.com |
| 3 | EDWIN M. BONISKE, Bar No. 265701 |
| | boniske@higgslaw.com |
| 4 | HIGGS FLETCHER & MACK LLP |
| | 401 West "A" Street, Suite 2600 |
| 5 | San Diego, CA 92101-7913 |
| | Telephone: 619.236.1551 |
| 6 | Facsimile: 619.696.1410 |
| 7 | Attorneys for Defendants |
| 8 | AIMAN-SMITH & MARCY |
| | Randall B. Aiman-Smith #124599 |
| 9 | Reed W.L. Marcy #191531 |
| | Hallie Von Rock #233152 |
| 10 | Carey A. James #269270 |
| | Brent A. Robinson #289373 |
| 11 | 7677 Oakport Street, Suite 1150 |
| | Oakland, CA 94621 |
| 12 | T: 510.817.2711 |
| | F: 510.562.6830 |
| 13 | ras@asmlawyers.com |
| | rwlm@asmlawyers.com |
| 14 | hvr@asmlawyers.com |
| | caj@asmlawyers.com |
| 15 | bar@asmlawyers.com |
| 16 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN AGUILAR, individually and on behalf of all others similarly situated, | CASE NO. 3:17-CV-04263-RS |
| | ORDER |
| Plaintiffs, | **STIPULATION AND JOINT MOTION TO EXTEND DEADLINE TO RESPOND TO PLEADING** |
| v. | |
| CSK AUTO, INC., O'REILLY AUTOMOTIVE STORES, INC., and DOES 1-10, inclusive, | |
| Defendants. | |

///

Plaintiff ADRIAN AGUILAR ("Plaintiff"), and Defendants CSK AUTO, INC., now known as O'Reilly Auto Enterprises, LLC, and O'REILLY AUTOMOTIVE STORES, INC. (collectively, "O'Reilly") (Plaintiff and O'Reilly together, the "Parties"), by and though their undersigned counsel of record, hereby stipulate and agree as follows:

## I.

## **RECITALS**

1. This action was commenced on July 27, 2017. (Doc. 1.)

2. As per the Court's September 29, 2017 Order (Doc. 16), this action was initially stayed pursuant to the Parties' stipulation in light of an earlier-filed, overlapping putative class action entitled *Davidson v. O'Reilly Auto Enterprises, LLC*, Case No. 5:17-cv-00603-RGK-AJW ("*Davidson*").[1] As set forth in that stipulation, the Parties agreed to stay this matter pending a ruling on class certification in *Davidson*, and that O'Reilly would be required to answer or otherwise respond to Plaintiff's complaint in this action 30 days after a ruling on that motion in *Davidson*. (Doc. 15.)

3. On December 15, 2017, the *Davidson* Court entered an order denying class certification. (*Davidson*, Doc. No. 62.) However, the plaintiff in *Davidson* then filed a Rule 23(f) petition with Ninth Circuit seeking to immediately appeal the denial of her motion for class certification. As such, the Parties agreed to extend the stay of this Action pending the Ninth Circuit's resolution of the Rule 23(f) petition in *Davidson*. The Court granted the Parties' stipulation, ordering that the stay be extended for another 90 days, setting a status conference on April 12, 2018, and that O'Reilly answer or otherwise respond to the operative pleading in this case within 30 days of a decision by the Ninth Circuit in *Davidson*. (Doc. 19.)

4. The Ninth Circuit denied the *Davidson* plaintiff's Rule 23(f) petition on March 27, 2018. Accordingly, pursuant to this Court's prior Order, the stay was lifted and O'Reilly's deadline to answer or otherwise respond to the Complaint was triggered.

///

---

[1] *Davidson* was filed on March 29, 2017, and is pending in the United States District Court for the Central District of California.

5.      This is the Parties' second request to continue the deadline for O'Reilly to respond to the Complaint after the stay has been lifted. The Parties previously filed a stipulation on April 10, 2018 asking that the Court continue the deadline so the Parties could complete ongoing meet and confer discussions regarding the continuing potential overlap as between this action and two other previously-filed class and representative actions (including *Davidson*). (Doc. 20.) The Court granted the Parties stipulation, re-set the initial case management conference to June 21, 2018, and continued O'Reilly's deadline to answer or otherwise respond to the Complaint to May 10, 2018. (Doc. 21.)

6.      Since that time, the Parties have been meeting and conferring regarding the class and representative claims in this action; the overlap or potential overlap of those claims with other, first-filed actions; and the potential for resolution on an individual basis. The outcome of these discussions will affect the Parties' determinations on the most efficient method to litigate the present Action. Additionally, these discussions will impact the nature and scope of O'Reilly's response to the Complaint in this Action because O'Reilly anticipates moving to stay or dismiss at least portions of the complaint absent an agreement between the Parties on an alternative course of action.

7.      Significantly, although the Court denied class certification in the *Davidson* action, the plaintiff in that case also asserts a PAGA claim, which O'Reilly contends duplicates (and pre-dates) the PAGA claim asserted in this Action. O'Reilly is currently in the process of moving for summary judgment on the PAGA claim in the *Davidson* action, which is scheduled to be filed on May 7, and which the Parties anticipate will be heard on or around June 4, 2018. The ruling on that motion could have a significant impact on this case, and will direct the nature and scope of O'Reilly's response to the Complaint in this Action.

8.      In light of the above, the Parties have met and conferred and agreed that, in the interests of judicial efficiency and economy, and to avoid potentially duplicative and unnecessary motion practice and litigation, O'Reilly's deadline to answer or otherwise respond to the complaint should be continued for an additional 45 days (to June 25, 2018), which the Parties believe will provide sufficient time to obtain a ruling on the motion in *Davidson*, complete their

ongoing discussions, and prepare/file an appropriate responsive pleading or motion. The Parties further request that the Court continue the June 21, 2018 Initial Case Management Conference such that it will occur shortly after the deadline for O'Reilly to respond to the complaint (to July 19, 2018, or a date convenient to the Court). The Parties anticipate and believe this will be their final request to continue the deadline and Initial Case Management Conference.

## II.

## **STIPULATION**

Based on the above recitals, which are incorporated herein by reference, Plaintiff and O'Reilly hereby stipulate and agree, and jointly request that the Court order, as follows:

1. That O'Reilly's deadline to answer or otherwise respond to the operative pleading be continued for a period of 45 days (to June 25, 2018).

2. That the June 21, 2018 Initial Case Management Conference be vacated and re-set for July 19, 2018 (or a date convenient for the Court).

**IT IS SO STIPULATED.**

DATED: May 7, 2018         HIGGS FLETCHER & MACK LLP

By: /s/ Edwin M. Boniske
JAMES M. PETERSON
JASON C. ROSS
EDWIN M. BONISKE

Attorney for Defendants

DATED: May 7, 2018         AIMAN-SMITH & MARCY

By: /s/ Carey A. James
RANDALL B. AIMAN-SMITH
REED W.L. MARCY
HALLIE VON ROCK
CAREY A. JAMES
BRENT A. ROBINSON

Attorney for Plaintiff

GRANTED
Judge Richard Seeborg
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Dated: 5/7/18

8496701.1

4

CASE NO. 3:17-CV-04263-RS
STIPULATION AND JOINT MOTION TO
EXTEND DEADLINE TO RESPOND